FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

08 JAN 24 AM 10: 25

OFFICE OF THE CLERK



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States Commodity Futures Trading Commission,<br><br>    Plaintiff,<br><br>vs.<br><br>Diego Mariano Rolando a/k/a Roclerman and ROC d/b/a IA Trading.com Inc.,<br><br>    Defendant. | Case No.:<br><br>8:08mc10<br><br>(PROPOSED) PLAINTIFF'S *EX PARTE* EMERGENCY STATUTORY RESTRAINING ORDER, APPOINTMENT OF TEMPORARY RECEIVER, FOR EXPEDITED DISCOVERY AND TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION |

This matter came before the Court for hearing on January 15, 2008, on Plaintiff's *Ex Parte* Emergency Motion for a Statutory Restraining Order, Appointment of Temporary Receiver, Expedited Discovery, Preliminary Injunction, and Other Equitable Relief (Motion). The Court, having considered the Motion, the memorandum in support thereof, and all other evidence presented by Plaintiff, and having heard the arguments of Plaintiff's counsel, finds that:

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act, as amended (Act), 7 U.S.C. § 13a-1 (2002).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. There is good cause to believe that Defendant Diego Mariano Rolando a/k/a Roclerman and ROC—individually and d/b/a IATrading.com Inc. (IA Trading)

(collectively, Defendant)—has engaged, is engaging, and is about to engage in acts and practices constituting violations of the Act, 7 U.S.C. §§ 1, *et seq*.

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for customers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendant of assets or records unless Defendant is immediately restrained and enjoined by Order of the Court.

5. Good cause exists for the freezing of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant, including but not limited to customer accounts held at Interactive Brokers, LLC (hereinafter Defendant's Assets), and for entry of an order prohibiting Defendant his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendant, including any successor thereof, from destroying records and/or denying agents of the Commission access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books and records.

6. Good cause exists for the appointment of a Temporary Receiver to take control of Defendant's Assets in order to preserve assets, investigate and determine customer claims, determine unlawful proceeds retained by Defendant and amounts due to customers as a result of his alleged violations, and distribute remaining funds under the Court's supervision.

7. Good cause exists for the Plaintiff to conduct expedited discovery in order to determine the full extent of Defendant's alleged wrongdoing, locate Defendant's other

2

14. Provide the Commission with a full accounting of all of Defendant's Assets, inside and outside of the United States, from September 1, 2005 to the date of this Order;

15. Transfer to the territory of the United States, to the possession, custody, and control of the Temporary Receiver, all of Defendant's Assets (other than real property) located outside the United States; and

16. Provide the Commission access to all records of Defendant held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

### III. Directives to Financial Institutions and Others

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendant's Assets at any time since September 1, 2005, shall:

17. Prohibit Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendant's Assets, except as directed by further Order of the Court;

18. Deny Defendant and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant, either individually or jointly; or (b) otherwise subject to access by Defendant;

19. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of

each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant (as defined above), either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant, either individually or jointly, or is otherwise subject to access by Defendant; and

20. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## IV.  Maintenance of Business Records

**IT IS FURTHER ORDERED that:**

21. Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendant, including any successor thereof, and all other persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or

indirectly, any documents that relate to the business practices, or business or personal finances of Defendant.

### V. Inspection and Copying of Books and Records

**IT IS FURTHER ORDERED that:**

22. Representatives of the Commission shall be immediately allowed to inspect the books, records, and other documents of Defendant and his agents, including, but not limited to, electronically stored information, tape recordings, and computer discs, wherever they may be situated and whether they are in the person of Defendant or others, and to copy said documents, information and records, either on or off the premises; and

23. Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendant, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all books and records of Defendant, wherever such books and records may be situated, and to locate and provide to representatives of the Commission information regarding the whereabouts of Defendant.

### VI. Order Appointing Temporary Receiver

**IT IS HEREBY ORDERED that:**

24. The Court appoints _DANIEL ALONSO_ as the Temporary Receiver, with full powers of an equity receiver. The Court makes this appointment of a Temporary Receiver after having duly considered the qualifications and experience of said Temporary Receiver and determining said Temporary Receiver qualified. The

7

Temporary Receiver shall be the agent of this Court in acting as Temporary Receiver under this Order.

25. The "Receiver Estate" shall consist of all Defendant's Assets that are under the Temporary Receiver's possession, custody, or control or, per this Order, should be under the Temporary Receiver's possession, custody, or control. No person holding or claiming any position of any sort with the Receiver Estate shall possess any authority to act by or on behalf of any of the Receiver Estate, except as authorized by the Temporary Receiver.

26. The Temporary Receiver shall have and possess all powers and rights to administer and manage the Receiver Estate in the Temporary Receiver's discretion, including assets held by third parties that are subject to the freeze, and take such action as approved by the Court, as described below:

    a. The Temporary Receiver shall make a determination of value of the Receiver Estate, including, but not limited to, making a determination of the account values for all customer accounts controlled or managed by Defendant at Interactive Brokers, LLC.

    b. The Temporary Receiver shall take exclusive custody, control, and possession of all Defendant's Assets. Further, the Temporary Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, mail, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the Defendant, including documents related to customers or clients whose interests are now held by or under the direction, possession, custody or control of the Defendant. All

8

accounts controlled, managed, or held by Defendant at IB shall be under the Temporary Receiver's control, but shall remain in the possession of IB until further order of the Court;

 c. The Temporary Receiver shall preserve, hold and manage the Receiver Estate, and perform all acts necessary to preserve the value of the Receiver Estate, in order to prevent any loss, damage or injury to customers;

 d. The Temporary Receiver shall choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

 e. The Temporary Receiver shall issue subpoenas to obtain documents and records pertaining to the Receiver Estate, and conduct discovery in this action on behalf of the Receiver Estate; and

 f. The Temporary Receiver shall open one or more bank accounts as designated depositories for funds of the Defendant. The Receiver shall deposit all funds of the Defendant in such designated accounts and shall make all payments and disbursements from the Receivership Estate from such accounts.

27. The Temporary Receiver's powers and rights to administer and manage the Receiver Estate as described above in paragraph 26 shall be limited to Defendant's Assets located within the United States and Defendant's Assets that are transferred to the United States per paragraph 15 of this Order, until further order of this Court.

28. The Temporary Receiver is authorized to provide actual notice of the entry of this Order to any person, agency or entity the Temporary Receiver deems appropriate

9

by delivery of a copy of the Order by hand, U.S. Mail, International Mail, express mail, courier service, facsimile, e-mail or any other reasonable means of delivery.

29. The Temporary Receiver shall provide an initial report to the Court and the Parties by _February 15, 2008_, subject to such reasonable extensions as the Court may grant, that details a) all Defendant's Assets (including the location of such assets); and b) the account values for all customer accounts controlled or managed by Defendant at Interactive Brokers, LLC. The Temporary Receiver shall provide additional reports as he deems necessary in the course of fulfilling his duties set forth herein or as requested by the Court.

30. The Temporary Receiver and all personnel hired by the Temporary Receiver shall be entitled to reasonable compensation for the services they render from Defendant's Assets, as approved by the Court.

31. All persons, including but not limited to the Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendant, including any successor thereof, and any persons who receive actual notice of this Order by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receiver Estate or in any way disturbing the assets of the Receiver Estate and from filing or prosecuting any actions or proceedings which involve the Temporary Receiver or which affect the Receiver Estate, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court.

32. Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendant, including any successor

10

thereof, and any persons who receive actual notice of this Order by personal service or otherwise, shall cooperate in every way with the Temporary Receiver and others working with the Temporary Receiver in the administration of the Receiver Estate and provide such information related to the Receiver Estate as the Temporary Receiver and those working with the Temporary Receiver reasonably request.

33. **IT IS FURTHER ORDERED** that absent express permission and leave by this Court, all actions by any creditors and other persons seeking money damages or other relief from the Receiver Estate and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby stayed. Further, all persons having notice of this Order, including creditors and others seeking money damages or other relief from the Receiver Estate, and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are restrained from doing anything to interfere with the Temporary Receiver performance of his duties and the administration of the Receiver Estate. Accordingly, all such persons are enjoined from engaging in any self-help, including set-offs, and from filing or prosecuting any actions or proceedings which involve the Temporary Receiver or which affect the Receiver Estate, specifically including any proceeding initiated pursuant to the Untied States Bankruptcy Code, except with prior permission of this Court. Moreover, any such actions that are so authorized shall be filed in this Court.

### VII. Order Granting Expedited Discovery

**IT IS HEREBY ORDERED that:**

34. The Commission and Temporary Receiver may conduct expedited discovery, removing the prohibition upon discovery before the early meeting of counsel pursuant to FRCP 26(f), in accordance with FRCP 26(d), and removing the prohibition upon immediate commencement of depositions pursuant to FRCP 30(a)(2)(C).

35. The Commission and Temporary Receiver may conduct expedited discovery to enable the Commission to fulfill its statutory duties and protect investors from further loss or damage. This expedited discovery will allow the Commission and Temporary Receiver to determine the full extent of Defendant's alleged wrongdoing (including, but not limited to, the possible involvement of others), locate Defendant's other customers, identify customers' funds and other of Defendant's Assets, and clarify the sources of various funds.

### VIII. Bond Not Required of Plaintiff

**IT IS FURTHER ORDERED that:**

36. Plaintiff Commission is an agency of the United States of America and, accordingly, need not post a bond.

### IX. Order to Show Cause

**IT IS FURTHER ORDERED that:**

37. Defendant shall appear before this Court on the _24th_ day of _JANUARY_, 2008, at _3:00_ _p_.m., before the Honorable _MARK KRAVITZ_ at the United States Courthouse for the District of Connecticut, _New Haven_, ____, CT ____ to show cause,

12

if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Act and why the other relief requested should not be granted pending trial on the merits of this action.

38.   Should any party wish to file a memorandum of law or other papers in opposition to Plaintiff's Motion for a Preliminary Injunction, all papers shall be filed on or before ___January 22___, 2008 and served via facsimile or overnight delivery no later than ___January 18___, 2008.

### X. Service

**IT IS FURTHER ORDERED** that:

39.   Copies of this Order may be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or Defendant's Assets that may be subject to any provision of this Order, and, additionally, that Jo Mettenburg, Kenneth McCracken, Michelle Bougas, Rick Glaser, and Charles Marvine are specially appointed by the Court to effect service. Further, service of the Summons, Complaint, or other process may be effected by any Commission representative, the Temporary Receiver or any of his representatives, any U.S. Marshal or deputy U.S. Marshal, or in accordance with FRCP 4.

13

### XI. Force and Effect

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes.

IT IS SO ORDERED, at _New Haven_ Connecticut on the _15th_ day of _January_, 2008 at _3:15 P_.m.

*[signature]*

UNITED STATES DISTRICT JUDGE
DISTRICT OF CONNECTICUT

14

I Hereby certify that the forgoing is a true copy of the original document on file. Date: 1/15/08
Roberta D. Tabora
Clerk
By P. A. Villano
Deputy Clerk